

**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 0 3 2020

JAMES W. McCORMACK, CLERK
By:_____
**DEP CLERK**

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**ELEANOR D. BOZEMAN**                                              **PLAINTIFF**

**VS.**                          **Case No.** 4:20-cv-231-LPR

**TARGET CORPORATION; DRAKE BAKER,
STORE MANAGER; NORTH LITTLE ROCK
TARGET STORE; NORTH LITTLE ROCK
TEAM LEADER; JOHN DOE TARGET STORE
MANAGER; JOHN DOE TARGET TEAM LEADER;
and JOHN DOES 1–5**                                              **DEFENDANTS**

### TARGET CORPORATION'S NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1441 and 1446, defendant Target

Corporation ("Target")[1] files this notice of the removal from the Circuit Court of

Pulaski County, Arkansas, to the United States District Court for the Eastern

District of Arkansas, Central Division.  Removal jurisdiction is based upon diversity

of citizenship, 28 U.S.C. § 1332, and is demonstrated by the following:

1.      On December 30, 2019, plaintiff Eleanor D. Bozeman filed this case in

the Circuit Court of Pulaski County, Arkansas, as civil action number 60CV-19-

9200 on the docket of that Court.  Bozeman alleges that she suffered damages

resulting from a collapsing display stand in the North Little Rock Target Store on

This case assigned to District Judge____Rudofsky____
and to Magistrate Judge_____Ray_____

---

[1] Bozeman has named an entity called "North Little Rock Target Store" and an
unspecific individual "North Little Rock Team Leader."  North Little Rock Target
store has not been served separately from Target Corporation and Team Leader is
presumably another title for Drake Barker.  Nevertheless, neither have been served
in this matter.

1

July 25, 2018.  This lawsuit is a civil action within the meaning of the Acts of Congress relating to the removal of actions in federal court.

2.      Bozeman served process upon separate defendant Drake Baker, Store Director for the North Little Rock Target Store ("Baker") on January 4, 2020.  He filed his answer in state court on January 30, 2020.  Bozeman served Target with process on February 10, 2020.  This Notice of Removal is filed within thirty days of the delivery of a summons and complaint to separate defendant Target.  *E.g.*, *Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P.*, 254 F.3d 753, 756 (8th Cir. 2001) (stating that each defendant has "thirty days after receiving service within which to file a notice of removal, regardless of when—or if—previously served defendants filed such notices.").

3.      This action—through determination that non-diverse defendant Baker is fraudulently joined—is between parties of diverse citizenship, with an amount in controversy in excess of $75,000.00, exclusive of interests and costs, making removal proper under 28 U.S.C. § 1332(a).

## I.      Background

4.      Target is a corporation foreign to the State of Arkansas.  Target is incorporated under the laws of, and maintains its principal place of business in, the State of Minnesota.  Ex. A, Complaint ¶ 3.  Accordingly, Target is considered a citizen of the State of Minnesota for purposes of diversity jurisdiction.  *See* 28 U.S.C. § 1332(a)(1).

2

5.     Fraudulently-joined defendant Baker is an individual citizen and resident of the State of Arkansas.  Ex. A, Complaint ¶ 5.

6.     Bozeman is an individual citizen and resident of the State of Arkansas. Ex. A, Complaint ¶ 2.

7.     Bozeman is bringing this case because, on July 25, 2018, she says an "unreasonably placed and unsecured temporary Target display stand . . . collapsed and severely injured" her.  Ex. A, Complaint ¶ 1.  This is a premises-liability case. *Id.* at ¶ 33 ("Target has a duty to protect its customers from hidden . . . and dangerous conditions . . . .").

8.     Bozeman is also suing Baker, as the North Little Rock Target store manager, for allowing others to negligently set up store displays.  *See* Ex. A, Complaint ¶¶ 50–52.  She also pleads that Target is vicariously liable for his actions.  *Id.* at ¶ 53.

## II.     Diversity Jurisdiction under 28 U.S.C. § 1332

9.     This action is properly removable under 28 U.S.C. § 1332 because complete diversity exists between Bozeman and Target and a sufficient amount in controversy exists.  *See* Ex. A, Complaint ¶ 62 (stating that Bozeman requests damages "in excess of the amount required for federal diversity jurisdiction").

10.     The Court should disregard the citizenship of defendant Baker because Bozeman fraudulently joined him in this matter.  He is an individual citizen domiciled in Arkansas.  *See* Ex. A, Complaint ¶ 5.  But if a defendant whose presence in the case destroys diversity of citizenship is fraudulently joined, the

Court may ignore that defendant's citizenship for the purposes of determining whether jurisdiction exists. *See Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 871 (8th Cir. 2002). Similarly, fraudulently-joined defendants do not prevent removal based on the forum-defendant rule. 28 U.S.C. § 1441(b)(2); *Couzens v. Donohue*, 854 F.3d 508, 513 (8th Cir. 2017). Bozeman fraudulently joined Baker, so the Court should ignore his citizenship in this case. Accordingly, complete diversity of citizenship exists among all properly joined parties.

11. Fraudulent joinder occurs when there is "no reasonable basis in fact and law" to support a claim against the defendant whose presence defeats diversity of citizenship. *Menz v. New Holland North America, Inc.*, 440 F.3d 1002, 1004 (8th Cir. 2006) (quotation omitted). The doctrine prevents a plaintiff from blocking removal by joining a defendant with "no real connection with the controversy." *Knudson v. Systems Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011) (quoting *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). Joinder is fraudulent if there is no "reasonable basis for predicting that the state law might impose liability based upon the facts involved." *See id.* at 980 (quoting *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 811 (8th Cir. 2003)).

12. Courts in this circuit may examine "affidavits and other evidence outside the pleadings in establishing, or disputing, a claim of fraudulent joinder, in order 'to determine if there is any factual support for the claims against the allegedly fraudulently joined defendant.'" *J.B. Hunt Transport, Inc. v. American International Group, Inc.*, No. 5:16-CV-5323, 2017 WL 1395506, at *2 (W.D. Ark.

4

Apr. 17, 2017) (quoting *Block v. Toyota Motor Corp.*, 665 F.3d 944, 948 (8th Cir. 2011)).

13.    Baker was fraudulently joined, and the Court should disregard his citizenship for purposes of determining diversity jurisdiction. Bozeman's allegations against Baker here are too thin to reasonably support a claim. Her claims against him appear under the "Vicarious Liability" portion of her complaint and say that he was responsible for "ensuring Target employees were adequately training" and making sure other employees followed safety procedures. Ex. A, Complaint, ¶¶ 49–50. Her claim, then, seems to be grounded in negligence for failing to train. *Id.* at ¶¶ 51–52.

14.    In Arkansas, though, a defendant corporation's employee may be liable individually only if the employee was "personally involved in the events surrounding an injury . . . ." *McGraw v. Weeks*, 326 Ark. 285, 294, 930 S.W.2d 365, 370 (1996) (citation omitted). Unless Bozeman can show that Baker was directly involved in the events surrounding her injuries "or that he was acting in any capacity other than as a [director] when the accident occurred" there is nothing on which to base his individual liability. *Cash v. Carter*, 312 Ark. 41, 47, 847 S.W.2d 18, 21 (1993).

15.    Though Baker is the store's director and oversees certain aspects of Target's on-site business, that does not mean he can be held liable here. First, Bozeman's complaint does not allege that the performance of Baker's duties was a direct cause of the accident. *See McGraw*, 236 Ark. at 294, 930 S.W.2d at 370.

5

Second, Baker was not present at the store the day of Bozeman's incident.  *See* Exhibit C, Declaration of Drake Baker ¶ 5.  Last, store directors do not directly supervise display stands in Target stores.  *Id.* at ¶ 3.  In fact, they do not have discretion on how to organize stores and place displays.  Target does that itself through organized planograms.  *Ibid.*  And Bozeman does not allege any specific duties not performed by Baker.

16.     Accordingly, Bozeman has failed to demonstrate that she has a viable claim against Baker, and he has thus been fraudulently joined.  The Court should therefore disregard his citizenship in the jurisdiction analysis.

17.     Disregarding the citizenship of Baker, there is complete diversity of citizenship between Bozeman, who is a resident of Arkansas, and Target, which is deemed a citizen of Minnesota.

### III.     Compliance with Procedural Requirements

18.     Target files this notice of removal itself because fraudulently joined defendants need not consent to removal.  *See Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir. 2002).  And unserved defendants named only under fictious names do not have to consent to removal either.  *See* 28 U.S.C. § 1446(b)(2)(A).

19.     This notice of removal is timely under 28 U.S.C. § 1446(b) because it has been filed within thirty days of February 10, 2020, which is the date of service on Target.

20.     Attached as Exhibits A and B are copies of the summonses issued in this matter, the complaint, all supporting documents attached to the complaint, all current documents filed in state court, and the answer from Target, which together constitute all process, pleadings, and orders in this matter in compliance with 28 U.S.C. § 1446(a).

21.     The amount in controversy in this matter is alleged to exceed the amount required for federal diversity jurisdiction.  *See* Ex. A, Complaint ¶ 62.

22.     Target is also filing contemporaneously with this notice a civil cover sheet and a separately signed corporate disclosure statement that complies with Federal Rule of Civil Procedure 7.1.

23.     The United States District Court for the Eastern District of Arkansas, Central Division, is the proper venue for this action under 28 U.S.C. § 1441(a) because it is the federal district court that embraces Pulaski County, Arkansas, which is the place where the original action was filed and remains pending at the time of removal.

24.     This notice of removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

25.     A file-marked copy of this notice will be filed with the Clerk of the Circuit Court of Pulaski County, Arkansas, in accordance with 28 U.S.C. § 1446(d). Defendants are also giving prompt written notice to Bozeman of the filing of this notice of removal.

26.     Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of Target's right to assert any defense or affirmative matter, whether pursuant to Fed. R. Civ. P. 8(c), Fed. R. Civ. P. 12(b), or otherwise.  Target reserves the right to amend or supplement this notice of removal.

27.     Undersigned counsel states that this removal is well grounded in fact, warranted by existing law, and not interposed for an improper purpose.

28.     Target reserves the right to amend or supplement this notice of removal.

29.     This notice of removal is supporting by the following exhibits:

a.     Exhibit A, Complaint;

b.     Exhibit B, other papers and pleadings filed in Pulaski County; and

c.     Exhibit C, declaration of Drake Baker.

WHEREFORE, defendant Target Corporation removes this action from the Circuit Court of Pulaski County, Arkansas, to the United States District Court for the Eastern District of Arkansas, Central Division and seeks resolution by this Court of all issues raised herein.

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
PHONE:      (501) 371-0808
FAX:          (501) 376-9442
E-MAIL:     kwilson@wlj.com
                    ztrail@wlj.com

Kyle D. Wilson (89118)
Zachary R. Trail (2018171)
*Attorneys for Defendant Target Corporation*

8

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2019-Dec-30  15:33:24
60CV-19-9200
C06D17 : 13 Pages

## IN THE CIRCUIT COURT OF PULASK COUNTY, ARKANSAS
## _____ DIVISION

ELEANOR D. BOZEMAN                                            PLAINTIFF

vs.                              Civil Case No. _____

TARGET CORPORATION
DRAKE BAKER, STORE MANAGER
NORTH LITTLE ROCK TARGET STORE
NORTH LITTLE ROCK TARGET TEAM LEADER
JOHN DOE TARGET STORE MANAGER
JOHN DOE TARGET TEAM LEADER
JOHN DOES 1-5                                                DEFENDANTS

### COMPLAINT

Comes now, Plaintiff, Eleanor Bozeman, by and through her attorneys, Duncan Firm, P.A.

and for her Complaint, states as follows:

### I. INTRODUCTION

1.     This personal injury lawsuit arises from an incident, which occurred on July 25,

2018, in North Little Rock, Pulaski County, Arkansas, when an unreasonably placed and unsecured

temporary Target display stand with various Target store items collapsed and severely injured the

Plaintiff, an invitee, at the Target store located at 4000 McCain Boulevard in North Little Rock.

Plaintiff sues Target Corporation for the unsafe, hidden and unreasonably dangerous condition

created by Target and Defendants' direct, affirmative and non-delegable negligence, which

proximately caused serious and permanent injuries to the Plaintiff.  Plaintiff sues under Arkansas

common law tort theories to recovery monetary damages.



EXHIBIT
A

## II. PARTIES

2.      Plaintiff is a citizen, resident of and domiciliary of Pulaski County, Arkansas.

3.      Defendant Target Corporation ("Target") is foreign for-profit corporation located at 777 Nicollet Mall, #1400 Minneapolis, Minnesota 55402, whose registered agent in Arkansas is CT Corporation System, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201. Target Corporation's registered agent address in Minneapolis, Minnesota is 1010 Dale Street North, St. Paul, Minnesota 55117-5603. Target's Chief Executive Officer is located at 1000 Nicollet Mall, Minneapolis, Minnesota 55403. At all relevant times herein, officers, directors, members, managers, supervisors, agents, servants, employees and representatives of Target acted within the scope of their employment and furthered the financial interests of Target. At all relevant times herein, Target owned, controlled, managed, monitored and had exclusive dominion and oversight over its unsafe, dangerous display stand.

4.      Target was established in 1902 and engages in retail distribution and sales to customers in Arkansas, in 49 states nationwide and through its website, Target.com.  Target provides clothes, lawn and patio goods, baby gear, electronics, groceries, toys, games, shoes, sporting goods, exclusive designer collections and other items.  Target advertises and promotes that its stores are "secure, inside and out."  That it is a "safe and secure toolbox" for innovative tactics and store design elements.  Target also advertises that it fosters a "safe, enjoyable shopping experience" for Target guests.

5.      Defendant Drake Baker was the Target Store Manager for the North Little Rock Target Store at the time of the incidents alleged herein.  Defendant Baker is a citizen, resident and domicillary of Pulaski County, Arkansas.  Defendant Baker negligently trained, supervised and managed the North Little Rock Target Store and committed negligence acts and omissions in the

2

course and scope of employment for Target and in furtherance of the business interest of Target. These negligent acts were the proximate cause of injuries to the Plaintiff.

6.    Defendants John Doe Target Store Manager, John Doe Target Team Leader and John Does 1-5, upon information and belief, may be liable for some, or all of the damages claimed herein.  To the extent that these Defendants are liable for damages or responsible for the negligent conduct described herein, Plaintiff has been unable to ascertain their identities after reasonable due diligence.  Plaintiff anticipates the identities of said Defendants will be determined during the discovery process.  Plaintiff will amend his Complaint to include the identities of said Defendants as they become known, and pursuant to the Arkansas Rules of Civil Procedure. Pursuant to Ark. Code Ann. § 16-56-125, Plaintiff has previously filed an Affidavit of Unknown John Doe Tortfeasor as Exhibit "A," and hereby adopts, re-alleges and incorporates by reference herein the Affidavit of Unknown John Doe Tortfeasor.

## III. JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction pursuant to Ark. Const. art. 7 § 11, which says that circuit courts shall have jurisdiction in all civil cases; and pursuant to Ark. Code Ann. § 16-13-210(a), which provides that circuit courts shall have original jurisdiction of all actions and proceedings for the redress of civil grievances except where exclusive jurisdiction is given to other courts.

8.    Plaintiff re-alleges the previous paragraphs and incorporates them by reference herein as though stated word-for-word.  Target conducts substantial business in the State of Arkansas, contracts in the State of Arkansas, uses the Internet, telephone and mails in Arkansas, receives substantial revenue in the State of Arkansas and has physical, systematic, ongoing presence in Arkansas.  Target has substantial resources, including physical property in Arkansas, avails itself

3

of the commercial stream and commerce of the State of Arkansas, Secretary of State, Arkansas state and federal court systems and other government entities for the purpose of conducting business in the State of Arkansas. Target, and its managers, agent and employees, have committed tortious acts and omissions in Arkansas, are authorized to conduct business in Arkansas, have Target to anticipate being haled or sued in an Arkansas state court. Target has sued or been sued in Arkansas courts and availed itself of remedies or sought affirmative relief. Due process is not offended by the assertion of personal jurisdiction over the Defendants.

9.      Venue is proper in Pulaski County, Arkansas, pursuant to Ark. Code Ann. § 16-60-101(a)(1), (a)(2)(A), (a)(3)(A), which provide that a civil action shall be brought in any of the following counties in Arkansas: (1) the county in which a substantial part of the event or omissions giving rise to the cause of action occurred; (2) the county in which an individual defendant resided at the time of the event or omission giving rise to the cause of action; (3) the county in which the plaintiff resided at the time of the event or omission giving rise to the cause of action.

## IV. FACTUAL ALLEGATIONS

10.      On July 25, 2018, Plaintiff was a customer in Target. A Target employee escorted Plaintiff to the toy section of the store. Target had an unreasonably placed, unsecured temporary display in an aisle, which fell on top of Plaintiff with different store items on the stand. Plaintiff ended up crumpled on the floor with the Target unsecured temporary display stand and Target items strewn on top of her.

11.      The unreasonably placed and unsafe temporary display stand caused Plaintiff serious injuries, which required emergency services. These injuries experienced by Plaintiff included severe comminuted fractures and other permanent life-altering and disabling injuries throughout her body.

4

12.     Plaintiff sustained serious and permanently disabling injuries as a result of the failure of the defective, unsafe and unreasonably dangerous temporary display stand and hidden defect. Plaintiff was taken to the University of Arkansas for Medical Sciences ("UAMS") for emergency medical treatment.

13.     The temporary display stand erected by Target was a hidden danger for its customer, which appeared deceptively safe, but failed and resulted in severe injuries to an invitee.

14.     Target asserted absolute dominion and control over its unsafe temporary display stand, which failed on July 25, 2018 and resulted in severe injuries to an invitee.

15.     Target erected the unsafe temporary display stand and was directly responsible for the Target stand's stability, structural integrity and weight or load bearing.

16.     Target was directly responsible for proper design, erection, construction, assembly, location, inspection and maintenance of its display stands.

17.     Target, as a retail store, has an affirmative responsibility to properly design, erect, construct, assemble, stabilize, warn, inspect, maintain, test, repair or replace display stands because it is well known by Target and other stores that improperly erected, located and unsafe display stands may trip invitee customers or collapse and injure invitee customers.

18.     Target, as a retail store, must correctly install all shelving and racks according to installation standards and must not create structurally unsafe shelves, which lack structural integrity and stability, which may cause the display stand to collapse on a customer. Temporary stands or racks must be suitably anchored and braced to prevent collapse or overturning. Unanchored or unsecured shelving or display stands may overturn or collapse. Further, display stands should not protrude into aisles or creating tripping or unsafe walking premises for invitees.

5

19.     Target failed to securely anchor its temporary display rack or stand and have a thorough, routine inspection and maintenance system, to ensure integrity and load bearing strength of the display stand.

20.     Target failed to have its temporary display rack or stand secured away from customers and personnel to not inadvertently contact or collapse on customers.

21.     Target's failure to reasonably assemble, erect, locate, anchor, secure, inspect, maintain or replace its temporary display stand created a hidden danger and false assurance for its invitees.

22.     Target concealed, suppressed and omitted material facts from other foreseeable customers, such as Plaintiff, who may be in the store of the stand's hidden dangers and would not suddenly, unexpectedly and dangerously collapse due to an unsafe, concealed and hidden danger.

23.     Target had exclusive dominion and control or possession of the Target temporary display stand and should have erected a safe display or should have disclosed and warned its customers of the dangers of the hazardous, unsafe, hidden, dangerous condition of the temporary display.

24.     Plaintiff brings this personal injury lawsuit to recover monetary damages for her serious and permanently disabling injuries directly and proximately caused by Target in excess of the amount required for federal diversity jurisdiction.

## V. CAUSES OF ACTION

### *A. Direct Negligence*

25.     Plaintiff re-alleges the previous paragraphs and incorporates them by reference herein as though stated word-for-word.

6

26.     Target owns, manages, controls, directs, monitors and has exclusive domination over the failed temporary display stand at issue in this case.

27.     Target has a direct and affirmative non-delegable duty to safely erect, secure, inspect and maintain their display stands in their retail stores.

28.     Target designed, erected, installed and maintained the temporary display stand and assumed a duty to secure, inspect, preserve, maintain, repair or remove the temporary stand to avoid danger to customers.

29.     Target has an affirmative duty to warn invitees in its retail store of any dangers associated with Target's installation of the temporary display stand, including any hidden danger or any condition on the stand, which creates an unreasonable risk of harm to invitees in the Target store.

30.     Target directly and affirmatively, through its own direct negligence, created an appreciable risk of harm by failing to have any preventive safety measures in place to protect invitees, including Plaintiff, from foreseeable harm.

31.     Target further created an appreciable risk of harm, including serious injury and death, by their negligent installation, failure to secure and anchor and unsafe lack of reasonable maintenance and inspection of their temporary display stand or rack.

32.     Target has a duty to protect its customers from dangers in their store of which they know or those which with prudence and reasonable care, they might discover.

33.     Target has a duty to protect its customers from hidden, unsafe and dangerous conditions which with prudence and the exercise of reasonable care and foresight for the safety of its invitees, Target might discover.

34.     Target knew, or reasonably should have known in the exercise of prudence and reasonable care, that the Target temporary display stand could be unsafe, defective and unreasonably dangerous and cause serious harm or injury to invitees, such as the Plaintiff.

35.     Target directly and affirmatively created through their acts and omissions a hazardous, unsafe and dangerous condition, which could cause serious harm or injury to its invitees.

36.     Target knew, or should have known, that it needed a safety management plan, including policies, procedures, risk management and prevention measures in place, to properly erect, install, inspect and properly maintain display stands, to warn users of potential dangers associated with the display stand and to replace any defective and unsafe display stand.

37.     Target knew, or should have known, not to place customers on their retail premises, directly in harm's way where there was a foreseeable and appreciable risk of serious injury or harm from Defendants' unsafe, defective and unreasonably dangerous temporary display stand.

38.     Target knew or should have known that without preventative safety measures in place, Target would create a hidden, unsafe and unreasonably dangerous condition in its retail store, which could result in an appreciable risk of serious harm and injury to invitees, including the Plaintiff.

39.     Target failed to properly supervise and properly instruct and train its managers, supervisors, employees, representatives, servants and agents to erect, assemble, secure, locate, supervise, inspect and maintain temporary display stands and prevent foreseeable harm and risk of serious harm and injury to invitees in its retail store.

40.     Target failed to have an adequate safety plan, procedure and policy in place to prevent foreseeable harm and risk of serious injury to invitees in its retail store.

8

41.     Target failed to warn invitees of hidden, unsafe, hazardous and dangerous conditions, which existed with Target's use of unanchored and unsecured temporary display stands.

42.     Target affirmatively suppressed, concealed and omitted material facts of the dangerous, unsafe and hazardous condition of its temporary display stands.

43.     Target failed to adequately inspect and maintain temporary display stands in a reasonably safe condition for invitees in its retail store, such as the Plaintiff, thereby creating an unsafe, hidden hazard, which posed an imminent threat to human safety and did injure Plaintiff.

44.     Target was directly and affirmatively negligent and breached its direct and non-delegable duties owed to Plaintiff to have a reasonably safe retail premises for its invitees.

45.     As a direct and proximate result of Target's breach of duties owed to the Plaintiff, the Plaintiff experienced serious and permanent injuries for which she seeks compensation in a sum in excess of the amount required for federal diversity jurisdiction.

### B. Vicarious Liability

46.     Plaintiff re-alleges the previous paragraphs and incorporates them by reference herein as though stated word-for-word

47.     At all times relevant to this cause of action, Target's managers, supervisors, employees, representatives, servants and agents were working and acting within the course and scope of their employment and for the financial benefit of Target.

48.     Defendant Baker was the North Little Store Manager or Team Leader and responsible for customer safety in the Target premises.

49.     Defendant Baker was responsible for ensuring Target employees were adequately trained for safely assembling, erecting, locating, maintaining, stabilizing and securing temporary

display stands so that they did not trip customers, did not topple or injure customers in the Target store.

50.     Defendant Baker was responsible for ensuring policies and procedures for customer safety were followed by Target employees.

51.     Target failed to train their employees to properly, safely, and reasonably place store displays.

52.     Defendant Baker oversaw and had knowledge of all display stands in the North Little Rock Target Store.

53.     Target is by operation of law vicariously liable and ultimately responsible for the negligent acts, omissions and conduct of its managers, supervisors, employees, representatives, servants and agents acting within the course and scope of employment, proximately causing and resulting in serious and permanent injuries to the Plaintiff.

54.     As a direct and proximate result of Target's duties owed to the Plaintiff, the Plaintiff experienced serious and permanent injuries for which she seeks compensation in a sum in excess of the amount required for federal diversity jurisdiction.

## VI. PROXIMATE CAUSATION

55.     Plaintiff re-alleges the previous paragraphs and incorporates them by reference herein as though stated word-for-word.

56.     Plaintiff's serious and permanent injuries were a probable and natural foreseeable consequence of Target's negligent acts and/or omissions.

10

57.     Plaintiff's serious and permanent injuries were therefore directly and proximately caused by the above-articulated negligent acts and/or omissions.

### VII. DAMAGES

57.     Plaintiff is entitled to the following measures of damages from Target:

    a.   The nature, extent, duration, and permanency of her injuries;

    b.   The full extent of the injuries she sustained;

    c.   Past, present and future medical expenses and bills;

    d.   The expense of her medical care, treatment and services received, including transportation, board and lodging expense and care and expenses that will be required in the future, including the present value of such expenses reasonably certain to be required in the future;

    e.   The reasonable expenses of any necessary help and assistance in her home incurred in the past, present and that will be required in the future;

    f.   Any life-care or life assistance damages, which have been incurred in the past, present and will be required in the future;

    g.   Loss of enjoyment of life and hedonic damages;

    h.   Impaired and diminished consortium, comfort, relationships and society.

    i.   Pain, suffering, emotional and mental anguish, PTSD, depression, anxiety, memory loss, fatigue and diminished life capacity, sustained in the past, present which will reasonably certain to be experienced in the future;

    j.   The visible results of any scarring and disfigurement and visible injury; and

    k.   Any other damages, which are available to the Plaintiff whether compensatory, actual, special, consequential or other, for the injuries and damages she has

incurred as a proximate cause and result of the negligence and tortious conduct alleged herein.

58.    The injuries and damages described herein have been suffered in the past, in the present, and will continue, into the future.

## VIII. PUNITIVE DAMAGES

59.    Plaintiff seeks punitive or exemplar damages, if appropriate from the facts, to deter Target and others from similar conduct.  Target knew, or ought to have known in the light of the surrounding circumstances, that its conduct would naturally and probably result in injury and damage to others and that Target continued such conduct with malice or reckless disregard and conscious indifference to the consequences of their actions or inactions from which malice may be inferred or pursued a course of conduct, which caused severe and permanent injuries and was consciously indifferent to the rights of the Plaintiff.

## IX. DEMAND FOR JURY TRIAL

60.    Pursuant to Ark. R. Civ. P. 38, Ark. Const. Art. 2, § 7, and Ark. Code Ann. § 16-64-103, Plaintiff hereby demands a trial by jury of all issues of fact.

61.    Plaintiff reserves the right to further amend her pleading, including conforming the pleading to the facts and proof.

## X. DEMAND AND PRAYER FOR RELIEF

62.    Plaintiff prays this Court enter judgment against Target, and its managers, employees, servants and agents, jointly and severally, as permitted by law, for a sum of compensatory, actual, special and consequential damages, in excess of the amount required for federal diversity jurisdiction and sufficient to fully compensate him for her injuries and losses and make her whole; for pre-judgment interest and post-judgment interest at the maximum rate allowed

by law; for reasonable expenses; costs; expert fees and attorneys' fees as provided by law, and as

incurred by Plaintiff for recovering on any judgment, for punitive damages, if warranted, and for

all other relief deemed equitable, appropriate and just.

Respectfully submitted,

/s/ Phillip Duncan
Phillip Duncan, ABN #74039
James H. Bartolomei, III, ABN #2005181
Richard Quintus, ABN #2000078
William Rob Pointer, ABN #2007216
Timothy P. Reed, ABN #2012210
J. Reid Byrd, ABN #2016219
**DUNCAN FIRM, P.A.**
900 South Shackleford Road, Suite 725
Little Rock, Arkansas 72211
Telephone: 501-228-7600
Facsimile: 501-228-0415
phillip@duncanfirm.com
jim@duncanfirm.com
richard@duncanfirm.com
rob@duncanfirm.com
tim@duncanfirm.com
reid@duncanfirm.com

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2019-Dec-30  15:33:24
60CV-19-9200
C06D17 : 2 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## _____ DIVISION

ELEANOR BOZEMAN                                                                 PLAINTIFF

vs.                              Case No. _____

TARGET CORPORATION
TARGET NORTH LITTLE ROCK STORE MANAGER
and JOHN DOES 1-5                                                              DEFENDANTS

### EXHIBIT "A" AFFIDAVIT OF UNKNOWN TORTFEASOR

I, Richard Quintus, first being duly sworn, under oath states of personal knowledge as follows:

1.      I am Richard Quintus, the counsel of record for Plaintiff in the above-styled case.

2.      I am licensed to practice law in the State of Arkansas and the Eastern and Western Districts of Arkansas, and authorized to represent Plaintiff in this matter.  My Arkansas Bar Association identification number is 2000078.

3.      The underlying action alleges a cause of action against Defendants arising out of a negligence incident occurring on July 25, 2018 at the Target store in North Little Rock, Pulaski County, Arkansas.

4.      As of the date of the filing of this Complaint, counsel has a good-faith belief that additional tortfeasors remain unidentified who might be rightfully included in the causes of action listed in this Complaint, and who may be liable for some or all of Plaintiff's damages.

5.    Pursuant to Ark. Code Ann. 16-56-125 and Ark. R. Civ. P. 15, Plaintiff has included the designations of "John Doe" in the Complaint for purposes of tolling the statute of limitations against the unknown tortfeasor(s).

6.    Counsel anticipates that discovery will yield the identity of the unknown tortfeasor(s) and will supplement the Complaint with the correct information when and if it becomes available.

RICHARD QUINTUS

DATED: _December 30, 2019_

State of Arkansas    )
                     ) ss
County of Pulaski    )

SWORN AND SUBSCRIBED before me on this **30th** day of ~~October~~ December, 2019.

NOTARY PUBLIC

MY COMMISSION EXPIRES:

08/15/2029

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## HON. MACKIE M. PIERCE - 17TH DIVISION 6TH CIRCUIT

<u>ELEANOR D. BOZEMAN V TARGET CORP ET AL</u>

60CV-19-9200

### SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

DRAKE  BAKER
12700 Chenal Parkway
Little Rock, AR  72211

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint.  Within
30 days after service of this summons on you (not counting the day you received it) - or 60 days if you
are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas - you must file with
the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas
Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and
address are:

Joseph Reid Byrd
900 South Shackleford Road
Suite 725
Little Rock, AR  72211

If you fail to respond within the applicable time period, judgment by default may be entered against
you for the relief demanded in the complaint.

Additional notices:
•Notice of Right to Consent to Disposition of Case by a State District Court Judge



EXHIBIT
B

CLERK OF COURT

Address of Clerks Office

TERRI HOLLINGSWORTH, CIRCUIT CLERK
CIRCUIT COURT OF PULASKI COUNTY
401 W. MARKHAM
LITTLE ROCK, AR  72201

Jane Valenzuela, DC

Date: 01/03/2020

## NOTICE OF RIGHT TO CONSENT
## TO DISPOSITION OF CASE BY A STATE DISTRICT COURT JUDGE

In accordance with Administrative Order Number 18, you are hereby notified that upon the consent of all the parties in a case, a State District Court Judge may be authorized to conduct all proceedings, including trial of the case and entry of a final judgment. Copies of appropriate consent forms are available from the Circuit Clerk.

You should be aware that your decision to consent or not to consent to the disposition of your case before a State District Court Judge is entirely voluntary, and by consenting to the reference of this matter to a State District Court Judge, the parties waive their right to a jury trial, and any appeal in the case shall be taken directly to the Arkansas Supreme Court or Court of Appeals as authorized by law.

You should communicate your consent by completing the Form -- CONSENT TO PROCEED BEFORE A STATE DISTRICT COURT JUDGE -- and return to the Circuit Clerk.

Circuit Clerk
Date: 01/03/2020

No. 60CV-19-9200 This summons is for DRAKE  BAKER (name of Defendant).

## PROOF OF SERVICE

❑ On _____ [date] I personally delivered the summons and complaint to the individual at _____ [place]; or

❑ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

❑ On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

❑ On _____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant]; or

❑ On _____ [date] at _____ [address], where the defendant maintains and office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with

_____

[name and job description]; or

❑ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

❑ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

❑ Other [specify]:

_____

❑ I was unable to execute service because:

_____
_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]


_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]


_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____


_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## HON. MACKIE M. PIERCE - 17TH DIVISION 6TH CIRCUIT

### ELEANOR D. BOZEMAN V TARGET CORP ET AL

60CV-19-9200

**SUMMONS**

**THE STATE OF ARKANSAS TO DEFENDANT:**

Target Corporation
1000 Nicollett Mall
Minneapolis, MN  55403

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint.  Within 30 days after service of this summons on you (not counting the day you received it) - or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas - you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Richard Lee Quintus, Esq.
900 South Shackleford Road
Suite 725
Little Rock, AR  72211

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional notices:
•Notice of Right to Consent to Disposition of Case by a State District Court Judge

CLERK OF COURT

Address of Clerks Office

TERRI HOLLINGSWORTH, CIRCUIT CLERK
CIRCUIT COURT OF PULASKI COUNTY
401 W. MARKHAM
LITTLE ROCK, AR  72201

Jane Valenzuela, DC

Date: 01/03/2020

## NOTICE OF RIGHT TO CONSENT
## TO DISPOSITION OF CASE BY A STATE DISTRICT COURT JUDGE

In accordance with Administrative Order Number 18, you are hereby notified that upon the consent of all the parties in a case, a State District Court Judge may be authorized to conduct all proceedings, including trial of the case and entry of a final judgment. Copies of appropriate consent forms are available from the Circuit Clerk.

You should be aware that your decision to consent or not to consent to the disposition of your case before a State District Court Judge is entirely voluntary, and by consenting to the reference of this matter to a State District Court Judge, the parties waive their right to a jury trial, and any appeal in the case shall be taken directly to the Arkansas Supreme Court or Court of Appeals as authorized by law.

You should communicate your consent by completing the Form -- CONSENT TO PROCEED BEFORE A STATE DISTRICT COURT JUDGE -- and return to the Circuit Clerk.

Circuit Clerk
Date: 01/03/2020

No. 60CV-19-9200 This summons is for Target Corporation (name of Defendant).


PROOF OF SERVICE

❏ On _____ [date] I personally delivered the summons and complaint to the individual at _____ [place]; or


❏ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by
_____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or


❏ On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or


❏ On _____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant]; or


❏ On _____ [date] at _____ [address], where the defendant maintains and office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with
_____
[name and job description]; or


❏ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.


❏ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.


❏ Other [specify]:
_____


❏ I was unable to execute service because:
_____
_____


My fee is $ ____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

                               By: _____
                               [Signature of server]


                               _____
                               [Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
                               [Signature of server]


                               _____
                               [Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____


                               _____
                               Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2019-Dec-31 11:09:41
60CV-19-9200
C06D17 : 2 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## 17th DIVISION

ELEANOR D. BOZEMAN                                        PLAINTIFF

vs.                             Civil Case No. 60CV-19-9200

TARGET CORPORATION
DRAKE BAKER, STORE MANAGER
NORTH LITTLE ROCK TARGET STORE
NORTH LITTLE ROCK TARGET TEAM LEADER
JOHN DOE TARGET STORE MANAGER
JOHN DOE TARGET TEAM LEADER
JOHN DOES 1-5                                        DEFENDANTS

### PLAINTIFF'S NOTICE OF ENTRY OF APPEARANCE FOR COUNSEL

COMES NOW, Plaintiff, Eleanor D. Bozeman, and hereby provides notice of and

announces the appearance of counsel Phillip J. Duncan, Richard Quintus, Rob Pointer, and Tim

Reed, attorneys with Duncan Firm, P.A., including the following designated contact information:

> Phillip Duncan, ABN #74039
> Richard Quintus, ABN#2000078
> Rob Pointer, ABN#2007216
> Tim Reed, ABN#2012210
> 900 South Shackleford Road, Suite 725
> Little Rock, Arkansas 72211
> Telephone: 501-228-7600
> Facsimile: 501-228-0415
> phillip@duncanfirm.com
> richard@duncanfirm.com
> rob@duncanfirm.com
> tim@duncanfirm.com

Plaintiff respectfully requests that all service and electronic filings in this lawsuit be

provided to the designated counsel for Plaintiff by electronic notification and service, at the contact

information and e-mail addresses designated above.

1

Respectfully submitted,

By:    /s/ J. Reid Byrd
           Phillip Duncan, ABN #74039
           Richard Quintus, ABN #2000078
           William Rob Pointer, ABN #2007216
           Timothy P. Reed, ABN #2012210
           J. Reid Byrd, ABN #2016219
           900 South Shackleford Road, Suite 725
           Little Rock, Arkansas 72211
           Telephone: 501-228-7600
           Facsimile: 501-228-0415
           phillip@duncanfirm.com
           richard@duncanfirm.com
           rob@duncanfirm.com
           tim@duncanfirm.com
           reid@duncanfirm.com

2

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2020-Jan-10  12:10:13
60CV-19-9200
C06D17 : 3 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
### 17th DIVISION
### Honorable Mackie M. Pierce – 6th Judicial District of Arkansas

ELEANOR D. BOZEMAN                                              PLAINTIFF

vs.                          Civil Case No. 60CV-19-9200

TARGET CORPORATION
DRAKE BAKER, STORE MANAGER
NORTH LITTLE ROCK TARGET STORE
NORTH LITTLE ROCK TARGET TEAM LEADER
JOHN DOE TARGET STORE MANAGER
JOHN DOE TARGET TEAM LEADER
JOHN DOES 1-5                                                  DEFENDANTS

---

### PLAINTIFF'S PROOF OF SERVICE FOR DEFENDANT
### DRAKE BAKER, NORTH LITTLE ROCK STORE MANAGER

---

Comes now the Plaintiff, Eleanor D. Bozeman, by and through her counsel, Duncan Firm,

P.A., and for her Proof of Service for Defendant Drake Baker, Store Manager, states as follows:

I, Richard Quintus, being duly sworn, depose and state under oath as follows:

1.       I am an attorney of record in this lawsuit for the Plaintiff.

2.       A Complaint was filed in this matter on December 30, 2019, with the Pulaski

County Circuit Court Clerk and Summons issued by the Circuit Clerk for the named Defendant

Drake Baker, Store Manager for the North Little Rock Target Corporation Store.  Service of

process has been effectuated upon the individually named Defendant Drake Baker, Store Manager

1

for the North Little Rock Target Corporation Store by civil process server. *See* Exhibit "1," attached hereto.

***Further Affiant Sayeth Not.***

_____
Richard Quintus

## ACKNOWLEDGEMENT

**State of Arkansas**          }
                              }ss
**County of Pulaski**          }

Sworn to, subscribed and acknowledged before me, this ___10th___ day of January, 2020.

_____
Notary Public

[Seal]

My commission expires: __09/15/2029__

## AFFIDAVIT OF SERVICE

**State of Arkansas**                    **County of PULASKI**                    **Circuit Court**

Case Number: 60CV-19-9200

Plaintiff:
**ELEANOR D BOZEMAN**
vs.
Defendant:
**TARGET CORPORATION**
**DRAKE BAKER, STORE MANAGER, ET AL.,**

For: Mr. Richard Quintus
     DUNCAN FIRM P.A.

Received by MYERS ATTORNEY'S SERVICE to be served on **DRAKE BAKER, 25 E LAKE DR, NORTH LITTLE ROCK, AR 72116,**
(828) 270-5882. I, *Ray Bryant*, being duly sworn, depose and say that on the _11_ day of _Jan_,
202_0_ at _8:00 A_.m., executed service by delivering a true copy of the SUMMONS, NOTICE OF RIGHT TO CONSENT TO
DISPOSITION OF CASE BY A STATE DISTRICT COURT JUDGE, COMPLAINT, EXHIBIT "A" AFFIDAVIT OF UNKNOWN
**TORTFEASOR**, in accordance with state statutes in the manner marked below:

(X) INDIVIDUAL SERVICE: Served the within-named person.
( ) SUBSTITUTE SERVICE: I left the documents listed at the individual's dwelling house or usual place of abode with
_____, a family member at least 18 years of age.
( ) POSTED SERVICE: After attempting service on ___/___ at _____ and on ___/___ at _____ to a conspicuous place on the property
described herein.
( ) PROXIMITY: I left the documents in the individual's proximity by_____ after he/she refused to receive
the documents when I offered them to him/her.
( ) OTHER SERVICE: As described in the Comments below by serving _____.
( ) NON SERVICE: For the reason detailed in the Comments below.
Service Completed At: (X) ADDRESS ABOVE  ( ) OTHER:_____

**COMMENTS:** _____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service
was made.

*[Notary seal: NITA MELTON, COMM. EXP. 6-02-2026, No. 1269778, PULASKI COUNTY, NOTARY PUBLIC - ARKANSAS]*

County of _Pulaski_

Subscribed and Sworn to before me on this _6th_ day
of _Jan_ 20_20_ by the affiant who is personally known
to me.

_Nita Melton_
NOTARY PUBLIC

My commission expires:
_6-2-2026_

*Ray Bryant*

PROCESS SERVER # _117_
Appointed in accordance with State Statutes

**MYERS ATTORNEY'S SERVICE**
**323 Center Street**
**Suite 1425**
**Little Rock, AR 72201**
**(501) 376-5266**

Our Job Serial Number: 2020000177
Ref: 20-1-08


PLAINTIFF'S
EXHIBIT
_1_

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1g

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2020-Jan-10  12:10:13
60CV-19-9200
C06D17 : 2 Pages

### IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
### 17th DIVISION
### Honorable Mackie M. Pierce – 6th Judicial District of Arkansas

ELEANOR D. BOZEMAN                                                      PLAINTIFF

vs.                                    Civil Case No. 60CV-19-9200

TARGET CORPORATION
DRAKE BAKER, STORE MANAGER
NORTH LITTLE ROCK TARGET STORE
NORTH LITTLE ROCK TARGET TEAM LEADER
JOHN DOE TARGET STORE MANAGER
JOHN DOE TARGET TEAM LEADER
JOHN DOES 1-5                                                          DEFENDANTS

---

### PLAINTIFF'S ENTRY OF APPEARANCE FOR PLAINTIFF
### ELEANOR D. BOZEMAN

---

Comes now attorney Richard Quintus with the Duncan Firm, P.A., Bar No. 2000078, and announces his appearance on behalf of the Plaintiff Eleanor D. Bozeman.

1.      I am an attorney with the Duncan Firm, P.A. and hereby enter my appearance in this lawsuit for the Plaintiff and on her behalf and request notification of all filings in this matter.

2.      My contact information is Richard Quintus, Three Financial Centre, 900 South Shackleford, Suite 725, Little Rock, Arkansas 72211, (501) 228-7600 (telephone), (501) 228-0415 (facsimile), richard@duncanfirm.com

1

Respectfully submitted,

**DUNCAN FIRM, P.A.**

By:   /s/ *Richard Quintus*
      Phillip Duncan, ABN #74039
      Richard Quintus, ABN #2000078
      William Rob Pointer, ABN #2007216
      Timothy P. Reed, ABN #2012210
      J. Reid Byrd, ABN #2016219
      900 South Shackleford Road, Suite 725
      Little Rock, Arkansas 72211
      Telephone: 501-228-7600
      Facsimile: 501-228-0415
      phillip@duncanfirm.com
      richard@duncanfirm.com
      rob@duncanfirm.com
      tim@duncanfirm.com
      reid@duncanfirm.com

2

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2020-Jan-31 11:29:37
60CV-19-9200
C06D17 : 2 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## SEVENTEENTH DIVISION

**ELEANOR D. BOZEMAN**                                                    **PLAINTIFF**

**VS.**                            **CASE NO. 60CV-19-9200**

**TARGET CORPORATION;**
**DRAKE BAKER, STORE MANAGER;**
**NORTH LITTLE ROCK TARGET STORE;**
**NORTH LITTLE ROCK TEAM LEADER;**
**JOHN DOE TARGET STORE MANAGER;**
**JOHN DOE TARGET TEAM LEADER;**
**and JOHN DOES 1-5**                                              **DEFENDANTS**

### ENTRY OF APPEARANCE

Please take notice that Kyle R. Wilson of Wright, Lindsey & Jennings LLP

hereby appears as counsel of record for defendant Drake Baker and requests service

of all further pleadings, notices, and other material required to be served upon Drake

Baker in this matter.

> WRIGHT, LINDSEY & JENNINGS LLP
> 200 W. Capitol Avenue, Suite 2300
> Little Rock, Arkansas 72201-3699
> (501) 371-0808
> FAX: (501) 376-9442
> E-MAIL:  kwilson@wlj.com
>             ztrail@wlj.com

> By /s/ Kyle R. Wilson
>     Kyle R. Wilson (89118)
>     Zachary R. Trail (2018171)

2033756-v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 31, 2020, I electronically filed the foregoing

with the Clerk of the Court using the Arkansas Judiciary Electronic Filing System,

which shall send notification of such filing to the following:

Phillip Duncan
James H. Bartolomei
Richard Quintus
William Rob Pointer
J. Reid Byrd
Duncan Firm, P.A.
*Attorneys for Plaintiff*

/s/ *Kyle R. Wilson*
Kyle R. Wilson

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2020-Jan-31  11:27:09
60CV-19-9200
C06D17 : 2 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## SEVENTEENTH DIVISION

**ELEANOR D. BOZEMAN**                                      **PLAINTIFF**

**VS.**                        **CASE NO. 60CV-19-9200**

**TARGET CORPORATION;**
**DRAKE BAKER, STORE MANAGER;**
**NORTH LITTLE ROCK TARGET STORE;**
**NORTH LITTLE ROCK TEAM LEADER;**
**JOHN DOE TARGET STORE MANAGER;**
**JOHN DOE TARGET TEAM LEADER;**
**and JOHN DOES 1-5**                                      **DEFENDANTS**

### ENTRY OF APPEARANCE

Please take notice that Zachary R. Trail of Wright, Lindsey & Jennings LLP

hereby appears as counsel of record for defendant Drake Baker and requests service

of all further pleadings, notices, and other material required to be served upon Drake

Baker in this matter.

WRIGHT, LINDSEY & JENNINGS LLP
200 W. Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL:  kwilson@wlj.com
         ztrail@wlj.com


By /s/ *Zachary R. Trail*_____
     Kyle R. Wilson (89118)
     Zachary R. Trail (2018171)

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2020, I electronically filed the foregoing

with the Clerk of the Court using the Arkansas Judiciary Electronic Filing System,

which shall send notification of such filing to the following:

Phillip Duncan
James H. Bartolomei
Richard Quintus
William Rob Pointer
J. Reid Byrd
Duncan Firm, P.A.
*Attorneys for Plaintiff*

/s/ *Zachary R. Trail*
Zachary R. Trail

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2020-Feb-06 11:28:37
60CV-19-9200
C06D17 : 2 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
### 17th DIVISION
### Honorable Mackie M. Pierce – 6th Judicial District of Arkansas

ELEANOR D. BOZEMAN                                                    PLAINTIFF

vs.                          Civil Case No. 60CV-19-9200

TARGET CORPORATION
DRAKE BAKER, STORE MANAGER
NORTH LITTLE ROCK TARGET STORE
NORTH LITTLE ROCK TARGET TEAM LEADER
JOHN DOE TARGET STORE MANAGER
JOHN DOE TARGET TEAM LEADER
JOHN DOES 1-5                                                        DEFENDANTS

---

### PLAINTIFF'S NOTICE OF ADDRESS CHANGE
### DUNCAN FIRM, P.A.

---

Comes now attorney Richard Quintus with the Duncan Firm, P.A., and announces that the

Duncan Firm, P.A. has moved to a new office:

New Address: **809 West Third Street, Little Rock, Arkansas 72201**.

1

Respectfully submitted,

**DUNCAN FIRM, P.A.**

By:    /s/ *Richard Quintus*
          Phillip Duncan, ABN #74039
          Richard Quintus, ABN #2000078
          William Rob Pointer, ABN #2007216
          Timothy P. Reed, ABN #2012210
          J. Reid Byrd, ABN #2016219
          809 West Third Street
          Little Rock, Arkansas 72201
          Telephone: 501-228-7600
          Facsimile: 501-228-0415
          phillip@duncanfirm.com
          richard@duncanfirm.com
          rob@duncanfirm.com
          tim@duncanfirm.com
          reid@duncanfirm.com

## CERTIFICATE OF SERVICE

I, Richard Quintus, the undersigned, hereby certify that a true and correct copy of the foregoing pleading is being served upon the following counsel of record through the electronic e-flex filing system.

Kyle R. Wilson, Esq.
Zachary R. Trail, Esq.
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
kwilson@wlj.com
ztrail@wlj.com

On this 6th day of February, 2020.

          /s/ *Richard Quintus*
          Richard Quintus

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2020-Feb-17  17:56:48
60CV-19-9200
C06D17 : 2 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## 17th DIVISION
### Honorable Mackie M. Pierce – 6th Judicial District of Arkansas

ELEANOR D. BOZEMAN                                                    PLAINTIFF

vs.                                    Civil Case No. 60CV-19-9200

TARGET CORPORATION
DRAKE BAKER, STORE MANAGER
NORTH LITTLE ROCK TARGET STORE
NORTH LITTLE ROCK TARGET TEAM LEADER
JOHN DOE TARGET STORE MANAGER
JOHN DOE TARGET TEAM LEADER
JOHN DOES 1-5                                                        DEFENDANTS

---

### PLAINTIFF'S PROOF OF SERVICE FOR DEFENDANT TARGET CORPORATION

---

Comes now the Plaintiff, Eleanor D. Bozeman, by and through her counsel, Duncan Firm,

P.A., and for her Proof of Service for Defendant Target Corporation, states as follows:

I, Richard Quintus, being duly sworn, depose and state under oath as follows:

1.      I am an attorney of record in this lawsuit for the Plaintiff.

2.      A Complaint was filed in this matter on December 30, 2019, with the Pulaski

County Circuit Court Clerk and Summons issued by the Circuit Clerk for the named Defendant

Target Corporation.  Service of process has been effectuated upon Target Corporation upon its

Arkansas registered agent by civil process server.  *See* Exhibit "1," attached hereto.

1

*Further Affiant Sayeth Not.*

Richard Quintus

## ACKNOWLEDGEMENT

State of Arkansas          }
                          }ss
County of Pulaski          }

Sworn to, subscribed and acknowledged before me, this ___17th___ day of February, 2020.

Notary Public

[Seal]

My commission expires: ___08|15|2029___

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2020-Feb-17 17:56:48
60CV-19-9200
C06D17 : 1 Page

## AFFIDAVIT OF SERVICE

**State of Arkansas**     **County of PULASKI**     **Circuit Court**

Case Number: 60CV-19-9200

Plaintiff:
**ELEANOR D BOZEMAN**
vs.
Defendant:
**TARGET CORPORATION**
**DRAKE BAKER, STORE MANAGER, ET AL.,**

For: Mr. Phillip J. Duncan
DUNCAN LAW FIRM

Received by MYERS ATTORNEY'S SERVICE to be served on **TARGET CORPORATION BY SERVING CT CORPORATION SYSTEM, 124 WEST CAPITOL AVENUE, SUITE 1900, LITTLE ROCK, AR 72201. I,** _Andrew Myers_ , being duly sworn, depose and say that on the _10_ day of _Feb_ , 20_20_ at _12-57_ h., executed service by delivering a true copy of the **SUMMONS, NOTICE OF RIGHT TO CONSENT TO DISPOSITION OF CASE BY A STATE DISTRICT COURT JUDGE, COMPLAINT, EXHIBIT A AFFIDAVIT OF UNKNOWN TORTFEASOR, PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT TARGET CORPORATION,** in accordance with state statutes in the manner marked below:

( ) GOV.AGENCY: By Serving _____ As _____ of the within-named agency.

(✓) CORPORATE SERVICE: By Serving _The Corporation Co/karen Price_ as _____ _Reg Agent._ .

( ) OTHER SERVICE:See Comments Below:
( ) NON SERVICE: See Comments Below:
Service Was Completed At:
(✓) ADDRESS ABOVE
( ) OTHER ADDRESS:_____

**PLAINTIFF'S EXHIBIT**
_____1_____

COMMENTS: _____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

County of _PuLaski_

Subscribed and Sworn to before me on this _11th_ day of _Feb._ 20_20_ by the affiant who is personally known to me.

_Nita Melton_
**NOTARY PUBLIC**

My commission expires:
_6-2-2026_

*NITA MELTON*
*COMM. EXP.*
*6-02-2026*
*No. 12697784*
*PULASKI COUNTY*
*NOTARY PUBLIC - ARKANSAS*

_Andrew Myers_
**PROCESS SERVER #** _____
Appointed in accordance with State Statutes

**MYERS ATTORNEY'S SERVICE**
**323 Center Street**
**Suite 1425**
**Little Rock, AR 72201**
**(501) 376-6266**

Our Job Serial Number: 2020001965

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1g



ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2020-Feb-19  16:49:59
60CV-19-9200
C06D17 : 3 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
### 17th DIVISION
### Honorable Mackie M. Pierce – 6th Judicial District of Arkansas

ELEANOR D. BOZEMAN                                           PLAINTIFF

vs.                               Civil Case No. 60CV-19-9200

TARGET CORPORATION
DRAKE BAKER, STORE MANAGER
NORTH LITTLE ROCK TARGET STORE
NORTH LITTLE ROCK TARGET TEAM LEADER
JOHN DOE TARGET STORE MANAGER
JOHN DOE TARGET TEAM LEADER
JOHN DOES 1-5                                              DEFENDANTS

---

### PLAINTIFF'S PROOF OF SERVICE FOR DEFENDANT TARGET CORPORATION

---

Comes now the Plaintiff, Eleanor D. Bozeman, by and through her counsel, Duncan Firm,

P.A., and for her Proof of Service for Defendant Target Corporation, states as follows:

I, Richard Quintus, being duly sworn, depose and state under oath as follows:

1.       I am an attorney of record in this lawsuit for the Plaintiff.

2.       A Complaint was filed in this matter on December 30, 2019, with the Pulaski

County Circuit Court Clerk and Summons issued by the Circuit Clerk for the named Defendant

Target Corporation.  Service of process has been effectuated upon the Target Corporation through

certified mail, return receipt requested, restricted delivery upon its Arkansas registered agent.  *See*

Exhibit "1," attached hereto.

***Further Affiant Sayeth Not.***

1

_____
Richard Quintus

## ACKNOWLEDGEMENT

**State of Arkansas**            }
                                 }ss
**County of Pulaski**            }

    Sworn to, subscribed and acknowledged before me, this _**19**th_ day of February, 2020.

_____
Notary Public

[Seal]

My commission expires: _09|15|2029_____

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Attn: CT Corporation System
AR Registered Agent for
Target Corp.
124 W. Capitol Ave, Ste 1900
Little Rock AR 72201

9590 9401 0131 5225 2614 87

2. Article Number *(Transfer from service label)*

7011 3500 0002 5483 7668

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery

Received

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

RESTRICTED
DELIVERY

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
■ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
■ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt



IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ELEANOR D. BOZEMAN                                        PLAINTIFF

VS.                           Case No._____

TARGET CORPORATION; DRAKE BAKER,
STORE MANAGER; NORTH LITTLE ROCK
TARGET STORE; NORTH LITTLE ROCK
TEAM LEADER; JOHN DOE TARGET STORE
MANAGER; JOHN DOE TARGET TEAM LEADER;
and JOHN DOES 1–5                                        DEFENDANTS

## DECLARATION OF DRAKE BAKER

I, Drake Baker, state as follows:

1.      I am currently employed by Target Corporation at the Target Store

located on McCain Boulevard in North Little Rock, Arkansas ("the North Little

Rock Store") as the Store Director.  I have personal knowledge of the matters set

forth in this affidavit.

2.      I began working for Target Corporation in April 2005.  I transferred to

the North Little Rock Store in October 2011.  I became the Store Manager (now

known as the Store Director) in October 2011.

3.      As Store Director, I did not  have direct oversight of displays or display

placements in the store, specifically including end-cap and side-cap displays, in July

of 2018.  During this time period, Target Corporation controlled the  placement of

displays, including end-cap displays and side-cap displays, through planograms

which it prepared and issued to stores, including the North Little Rock Store.



4.      Likewise, in July of 2018, I did not design or otherwise determine the materials of which a side-cap display is composed or the method or means by which a side-cap display is affixed to end-cap displays in the North Little Rock Store.

5.      I was not at the North Little Rock Store on July 25, 2018, the day of the alleged incident involving Eleanor Bozeman.

6.      I consent to the removal of *Eleanor D. Bozeman v. Target Corporation, et al.*, No. 60CV-19-9200, from the Circuit Court of Pulaski County, Arkansas, to federal court.

7.      I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on this _24_ day of February 2020.

_____

Drake Baker

2046503-v1

## VERIFICATION

STATE OF ARKANSAS                )

                                 )

COUNTY OF PULASKI_____)

On the *24th* day of *February* 2020, before me personally appeared Drake Baker, who by his sworn oath represented himself to be the person named herein and who, by his sworn oath, voluntarily executed the foregoing Declaration.

_____

Notary Public

My Commission Expires:

*9/27/2027*

LINDSEY C. HODGE
PULASKI COUNTY
NOTARY PUBLIC – ARKANSAS
My Commission Expires Sep 27, 2027
Commission No. 12702233

3