ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2019-Dec-30  15:33:24
60CV-19-9200
C06D17 : 13 Pages

## IN THE CIRCUIT COURT OF PULASK COUNTY, ARKANSAS
## _____ DIVISION

ELEANOR D. BOZEMAN                                             PLAINTIFF

vs.                          Civil Case No. _____

TARGET CORPORATION
DRAKE BAKER, STORE MANAGER
NORTH LITTLE ROCK TARGET STORE
NORTH LITTLE ROCK TARGET TEAM LEADER
JOHN DOE TARGET STORE MANAGER
JOHN DOE TARGET TEAM LEADER
JOHN DOES 1-5                                                 DEFENDANTS

## COMPLAINT

Comes now, Plaintiff, Eleanor Bozeman, by and through her attorneys, Duncan Firm, P.A. and for her Complaint, states as follows:

### I. INTRODUCTION

1.      This personal injury lawsuit arises from an incident, which occurred on July 25, 2018, in North Little Rock, Pulaski County, Arkansas, when an unreasonably placed and unsecured temporary Target display stand with various Target store items collapsed and severely injured the Plaintiff, an invitee, at the Target store located at 4000 McCain Boulevard in North Little Rock. Plaintiff sues Target Corporation for the unsafe, hidden and unreasonably dangerous condition created by Target and Defendants' direct, affirmative and non-delegable negligence, which proximately caused serious and permanent injuries to the Plaintiff. Plaintiff sues under Arkansas common law tort theories to recovery monetary damages.



EXHIBIT
A

## II. PARTIES

2.　　　Plaintiff is a citizen, resident of and domiciliary of Pulaski County, Arkansas.

3.　　　Defendant Target Corporation ("Target") is foreign for-profit corporation located at 777 Nicollet Mall, #1400 Minneapolis, Minnesota 55402, whose registered agent in Arkansas is CT Corporation System, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201. Target Corporation's registered agent address in Minneapolis, Minnesota is 1010 Dale Street North, St. Paul, Minnesota 55117-5603. Target's Chief Executive Officer is located at 1000 Nicollet Mall, Minneapolis, Minnesota 55403. At all relevant times herein, officers, directors, members, managers, supervisors, agents, servants, employees and representatives of Target acted within the scope of their employment and furthered the financial interests of Target. At all relevant times herein, Target owned, controlled, managed, monitored and had exclusive dominion and oversight over its unsafe, dangerous display stand.

4.　　　Target was established in 1902 and engages in retail distribution and sales to customers in Arkansas, in 49 states nationwide and through its website, Target.com. Target provides clothes, lawn and patio goods, baby gear, electronics, groceries, toys, games, shoes, sporting goods, exclusive designer collections and other items. Target advertises and promotes that its stores are "secure, inside and out." That it is a "safe and secure toolbox" for innovative tactics and store design elements. Target also advertises that it fosters a "safe, enjoyable shopping experience" for Target guests.

5.　　　Defendant Drake Baker was the Target Store Manager for the North Little Rock Target Store at the time of the incidents alleged herein. Defendant Baker is a citizen, resident and domicillary of Pulaski County, Arkansas. Defendant Baker negligently trained, supervised and managed the North Little Rock Target Store and committed negligence acts and omissions in the

2

course and scope of employment for Target and in furtherance of the business interest of Target. These negligent acts were the proximate cause of injuries to the Plaintiff.

6.      Defendants John Doe Target Store Manager, John Doe Target Team Leader and John Does 1-5, upon information and belief, may be liable for some, or all of the damages claimed herein.  To the extent that these Defendants are liable for damages or responsible for the negligent conduct described herein, Plaintiff has been unable to ascertain their identities after reasonable due diligence.  Plaintiff anticipates the identities of said Defendants will be determined during the discovery process.  Plaintiff will amend his Complaint to include the identities of said Defendants as they become known, and pursuant to the Arkansas Rules of Civil Procedure. Pursuant to Ark. Code Ann. § 16-56-125, Plaintiff has previously filed an Affidavit of Unknown John Doe Tortfeasor as Exhibit "A," and hereby adopts, re-alleges and incorporates by reference herein the Affidavit of Unknown John Doe Tortfeasor.

## III. JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to Ark. Const. art. 7 § 11, which says that circuit courts shall have jurisdiction in all civil cases; and pursuant to Ark. Code Ann. § 16-13-210(a), which provides that circuit courts shall have original jurisdiction of all actions and proceedings for the redress of civil grievances except where exclusive jurisdiction is given to other courts.

8.      Plaintiff re-alleges the previous paragraphs and incorporates them by reference herein as though stated word-for-word.  Target conducts substantial business in the State of Arkansas, contracts in the State of Arkansas, uses the Internet, telephone and mails in Arkansas, receives substantial revenue in the State of Arkansas and has physical, systematic, ongoing presence in Arkansas.  Target has substantial resources, including physical property in Arkansas, avails itself

3

of the commercial stream and commerce of the State of Arkansas, Secretary of State, Arkansas state and federal court systems and other government entities for the purpose of conducting business in the State of Arkansas. Target, and its managers, agent and employees, have committed tortious acts and omissions in Arkansas, are authorized to conduct business in Arkansas, have Target to anticipate being haled or sued in an Arkansas state court. Target has sued or been sued in Arkansas courts and availed itself of remedies or sought affirmative relief. Due process is not offended by the assertion of personal jurisdiction over the Defendants.

9.      Venue is proper in Pulaski County, Arkansas, pursuant to Ark. Code Ann. § 16-60-101(a)(1), (a)(2)(A), (a)(3)(A), which provide that a civil action shall be brought in any of the following counties in Arkansas: (1) the county in which a substantial part of the event or omissions giving rise to the cause of action occurred; (2) the county in which an individual defendant resided at the time of the event or omission giving rise to the cause of action; (3) the county in which the plaintiff resided at the time of the event or omission giving rise to the cause of action.

## IV. FACTUAL ALLEGATIONS

10.     On July 25, 2018, Plaintiff was a customer in Target. A Target employee escorted Plaintiff to the toy section of the store. Target had an unreasonably placed, unsecured temporary display in an aisle, which fell on top of Plaintiff with different store items on the stand. Plaintiff ended up crumpled on the floor with the Target unsecured temporary display stand and Target items strewn on top of her.

11.     The unreasonably placed and unsafe temporary display stand caused Plaintiff serious injuries, which required emergency services. These injuries experienced by Plaintiff included severe comminuted fractures and other permanent life-altering and disabling injuries throughout her body.

4

12. Plaintiff sustained serious and permanently disabling injuries as a result of the failure of the defective, unsafe and unreasonably dangerous temporary display stand and hidden defect. Plaintiff was taken to the University of Arkansas for Medical Sciences ("UAMS") for emergency medical treatment.

13. The temporary display stand erected by Target was a hidden danger for its customer, which appeared deceptively safe, but failed and resulted in severe injuries to an invitee.

14. Target asserted absolute dominion and control over its unsafe temporary display stand, which failed on July 25, 2018 and resulted in severe injuries to an invitee.

15. Target erected the unsafe temporary display stand and was directly responsible for the Target stand's stability, structural integrity and weight or load bearing.

16. Target was directly responsible for proper design, erection, construction, assembly, location, inspection and maintenance of its display stands.

17. Target, as a retail store, has an affirmative responsibility to properly design, erect, construct, assemble, stabilize, warn, inspect, maintain, test, repair or replace display stands because it is well known by Target and other stores that improperly erected, located and unsafe display stands may trip invitee customers or collapse and injure invitee customers.

18. Target, as a retail store, must correctly install all shelving and racks according to installation standards and must not create structurally unsafe shelves, which lack structural integrity and stability, which may cause the display stand to collapse on a customer. Temporary stands or racks must be suitably anchored and braced to prevent collapse or overturning. Unanchored or unsecured shelving or display stands may overturn or collapse. Further, display stands should not protrude into aisles or creating tripping or unsafe walking premises for invitees.

5

19.     Target failed to securely anchor its temporary display rack or stand and have a thorough, routine inspection and maintenance system, to ensure integrity and load bearing strength of the display stand.

20.     Target failed to have its temporary display rack or stand secured away from customers and personnel to not inadvertently contact or collapse on customers.

21.     Target's failure to reasonably assemble, erect, locate, anchor, secure, inspect, maintain or replace its temporary display stand created a hidden danger and false assurance for its invitees.

22.     Target concealed, suppressed and omitted material facts from other foreseeable customers, such as Plaintiff, who may be in the store of the stand's hidden dangers and would not suddenly, unexpectedly and dangerously collapse due to an unsafe, concealed and hidden danger.

23.     Target had exclusive dominion and control or possession of the Target temporary display stand and should have erected a safe display or should have disclosed and warned its customers of the dangers of the hazardous, unsafe, hidden, dangerous condition of the temporary display.

24.     Plaintiff brings this personal injury lawsuit to recover monetary damages for her serious and permanently disabling injuries directly and proximately caused by Target in excess of the amount required for federal diversity jurisdiction.

## V. CAUSES OF ACTION

### A. Direct Negligence

25.     Plaintiff re-alleges the previous paragraphs and incorporates them by reference herein as though stated word-for-word.

6

26.     Target owns, manages, controls, directs, monitors and has exclusive domination over the failed temporary display stand at issue in this case.

27.     Target has a direct and affirmative non-delegable duty to safely erect, secure, inspect and maintain their display stands in their retail stores.

28.     Target designed, erected, installed and maintained the temporary display stand and assumed a duty to secure, inspect, preserve, maintain, repair or remove the temporary stand to avoid danger to customers.

29.     Target has an affirmative duty to warn invitees in its retail store of any dangers associated with Target's installation of the temporary display stand, including any hidden danger or any condition on the stand, which creates an unreasonable risk of harm to invitees in the Target store.

30.     Target directly and affirmatively, through its own direct negligence, created an appreciable risk of harm by failing to have any preventive safety measures in place to protect invitees, including Plaintiff, from foreseeable harm.

31.     Target further created an appreciable risk of harm, including serious injury and death, by their negligent installation, failure to secure and anchor and unsafe lack of reasonable maintenance and inspection of their temporary display stand or rack.

32.     Target has a duty to protect its customers from dangers in their store of which they know or those which with prudence and reasonable care, they might discover.

33.     Target has a duty to protect its customers from hidden, unsafe and dangerous conditions which with prudence and the exercise of reasonable care and foresight for the safety of its invitees, Target might discover.

34.     Target knew, or reasonably should have known in the exercise of prudence and reasonable care, that the Target temporary display stand could be unsafe, defective and unreasonably dangerous and cause serious harm or injury to invitees, such as the Plaintiff.

35.     Target directly and affirmatively created through their acts and omissions a hazardous, unsafe and dangerous condition, which could cause serious harm or injury to its invitees.

36.     Target knew, or should have known, that it needed a safety management plan, including policies, procedures, risk management and prevention measures in place, to properly erect, install, inspect and properly maintain display stands, to warn users of potential dangers associated with the display stand and to replace any defective and unsafe display stand.

37.     Target knew, or should have known, not to place customers on their retail premises, directly in harm's way where there was a foreseeable and appreciable risk of serious injury or harm from Defendants' unsafe, defective and unreasonably dangerous temporary display stand.

38.     Target knew or should have known that without preventative safety measures in place, Target would create a hidden, unsafe and unreasonably dangerous condition in its retail store, which could result in an appreciable risk of serious harm and injury to invitees, including the Plaintiff.

39.     Target failed to properly supervise and properly instruct and train its managers, supervisors, employees, representatives, servants and agents to erect, assemble, secure, locate, supervise, inspect and maintain temporary display stands and prevent foreseeable harm and risk of serious harm and injury to invitees in its retail store.

40.     Target failed to have an adequate safety plan, procedure and policy in place to prevent foreseeable harm and risk of serious injury to invitees in its retail store.

8

41.     Target failed to warn invitees of hidden, unsafe, hazardous and dangerous conditions, which existed with Target's use of unanchored and unsecured temporary display stands.

42.     Target affirmatively suppressed, concealed and omitted material facts of the dangerous, unsafe and hazardous condition of its temporary display stands.

43.     Target failed to adequately inspect and maintain temporary display stands in a reasonably safe condition for invitees in its retail store, such as the Plaintiff, thereby creating an unsafe, hidden hazard, which posed an imminent threat to human safety and did injure Plaintiff.

44.     Target was directly and affirmatively negligent and breached its direct and non-delegable duties owed to Plaintiff to have a reasonably safe retail premises for its invitees.

45.     As a direct and proximate result of Target's breach of duties owed to the Plaintiff, the Plaintiff experienced serious and permanent injuries for which she seeks compensation in a sum in excess of the amount required for federal diversity jurisdiction.

### B. Vicarious Liability

46.     Plaintiff re-alleges the previous paragraphs and incorporates them by reference herein as though stated word-for-word

47.     At all times relevant to this cause of action, Target's managers, supervisors, employees, representatives, servants and agents were working and acting within the course and scope of their employment and for the financial benefit of Target.

48.     Defendant Baker was the North Little Store Manager or Team Leader and responsible for customer safety in the Target premises.

49.     Defendant Baker was responsible for ensuring Target employees were adequately trained for safely assembling, erecting, locating, maintaining, stabilizing and securing temporary

display stands so that they did not trip customers, did not topple or injure customers in the Target store.

50.     Defendant Baker was responsible for ensuring policies and procedures for customer safety were followed by Target employees.

51.     Target failed to train their employees to properly, safely, and reasonably place store displays.

52.     Defendant Baker oversaw and had knowledge of all display stands in the North Little Rock Target Store.

53.     Target is by operation of law vicariously liable and ultimately responsible for the negligent acts, omissions and conduct of its managers, supervisors, employees, representatives, servants and agents acting within the course and scope of employment, proximately causing and resulting in serious and permanent injuries to the Plaintiff.

54.     As a direct and proximate result of Target's duties owed to the Plaintiff, the Plaintiff experienced serious and permanent injuries for which she seeks compensation in a sum in excess of the amount required for federal diversity jurisdiction.

## VI. PROXIMATE CAUSATION

55.     Plaintiff re-alleges the previous paragraphs and incorporates them by reference herein as though stated word-for-word.

56.     Plaintiff's serious and permanent injuries were a probable and natural foreseeable consequence of Target's negligent acts and/or omissions.

57.     Plaintiff's serious and permanent injuries were therefore directly and proximately caused by the above-articulated negligent acts and/or omissions.

## VII. DAMAGES

57.     Plaintiff is entitled to the following measures of damages from Target:

    a.   The nature, extent, duration, and permanency of her injuries;

    b.   The full extent of the injuries she sustained;

    c.   Past, present and future medical expenses and bills;

    d.   The expense of her medical care, treatment and services received, including transportation, board and lodging expense and care and expenses that will be required in the future, including the present value of such expenses reasonably certain to be required in the future;

    e.   The reasonable expenses of any necessary help and assistance in her home incurred in the past, present and that will be required in the future;

    f.   Any life-care or life assistance damages, which have been incurred in the past, present and will be required in the future;

    g.   Loss of enjoyment of life and hedonic damages;

    h.   Impaired and diminished consortium, comfort, relationships and society.

    i.   Pain, suffering, emotional and mental anguish, PTSD, depression, anxiety, memory loss, fatigue and diminished life capacity, sustained in the past, present which will reasonably certain to be experienced in the future;

    j.   The visible results of any scarring and disfigurement and visible injury; and

    k.   Any other damages, which are available to the Plaintiff whether compensatory, actual, special, consequential or other, for the injuries and damages she has

incurred as a proximate cause and result of the negligence and tortious conduct alleged herein.

58.     The injuries and damages described herein have been suffered in the past, in the present, and will continue, into the future.

## VIII. PUNITIVE DAMAGES

59.     Plaintiff seeks punitive or exemplar damages, if appropriate from the facts, to deter Target and others from similar conduct.  Target knew, or ought to have known in the light of the surrounding circumstances, that its conduct would naturally and probably result in injury and damage to others and that Target continued such conduct with malice or reckless disregard and conscious indifference to the consequences of their actions or inactions from which malice may be inferred or pursued a course of conduct, which caused severe and permanent injuries and was consciously indifferent to the rights of the Plaintiff.

## IX. DEMAND FOR JURY TRIAL

60.     Pursuant to Ark. R. Civ. P. 38, Ark. Const. Art. 2, § 7, and Ark. Code Ann. § 16-64-103, Plaintiff hereby demands a trial by jury of all issues of fact.

61.     Plaintiff reserves the right to further amend her pleading, including conforming the pleading to the facts and proof.

## X. DEMAND AND PRAYER FOR RELIEF

62.     Plaintiff prays this Court enter judgment against Target, and its managers, employees, servants and agents, jointly and severally, as permitted by law, for a sum of compensatory, actual, special and consequential damages, in excess of the amount required for federal diversity jurisdiction and sufficient to fully compensate him for her injuries and losses and make her whole; for pre-judgment interest and post-judgment interest at the maximum rate allowed

by law; for reasonable expenses; costs; expert fees and attorneys' fees as provided by law, and as

incurred by Plaintiff for recovering on any judgment, for punitive damages, if warranted, and for

all other relief deemed equitable, appropriate and just.

Respectfully submitted,

/s/ Phillip Duncan
Phillip Duncan, ABN #74039
James H. Bartolomei, III, ABN #2005181
Richard Quintus, ABN #2000078
William Rob Pointer, ABN #2007216
Timothy P. Reed, ABN #2012210
J. Reid Byrd, ABN #2016219
**DUNCAN FIRM, P.A.**
900 South Shackleford Road, Suite 725
Little Rock, Arkansas 72211
Telephone: 501-228-7600
Facsimile: 501-228-0415
phillip@duncanfirm.com
jim@duncanfirm.com
richard@duncanfirm.com
rob@duncanfirm.com
tim@duncanfirm.com
reid@duncanfirm.com

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2019-Dec-30  15:33:24
60CV-19-9200
C06D17 : 2 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## _____ DIVISION

ELEANOR BOZEMAN                                                    PLAINTIFF

vs.                        Case No. _____

TARGET CORPORATION
TARGET NORTH LITTLE ROCK STORE MANAGER
and JOHN DOES 1-5                                                 DEFENDANTS

### EXHIBIT "A" AFFIDAVIT OF UNKNOWN TORTFEASOR

I, Richard Quintus, first being duly sworn, under oath states of personal knowledge as follows:

1.      I am Richard Quintus, the counsel of record for Plaintiff in the above-styled case.

2.      I am licensed to practice law in the State of Arkansas and the Eastern and Western Districts of Arkansas, and authorized to represent Plaintiff in this matter.  My Arkansas Bar Association identification number is 2000078.

3.      The underlying action alleges a cause of action against Defendants arising out of a negligence incident occurring on July 25, 2018 at the Target store in North Little Rock, Pulaski County, Arkansas.

4.      As of the date of the filing of this Complaint, counsel has a good-faith belief that additional tortfeasors remain unidentified who might be rightfully included in the causes of action listed in this Complaint, and who may be liable for some or all of Plaintiff's damages.

5.     Pursuant to Ark. Code Ann. 16-56-125 and Ark. R. Civ. P. 15, Plaintiff has included the designations of "John Doe" in the Complaint for purposes of tolling the statute of limitations against the unknown tortfeasor(s).

6.     Counsel anticipates that discovery will yield the identity of the unknown tortfeasor(s) and will supplement the Complaint with the correct information when and if it becomes available.

RICHARD QUINTUS

DATED: _December 30, 2019_

State of Arkansas    )
                     ) ss
County of Pulaski    )

SWORN AND SUBSCRIBED before me on this _30th_ day of ~~October~~ December, 2019.

NOTARY PUBLIC

MY COMMISSION EXPIRES:

_08/15/2029_