IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**VICKI GERARD, Permanent
Guardian of the Person and Estate of
ELEANOR BOZEMAN**                                                                                      **PLAINTIFF**

v.                               Case No. 4:20-CV-00231-LPR

**TARGET CORPORATION**                                                                                  **DEFENDANT**

## ORDER

This Order addresses Target's Motion in Limine No. 2 (Hearsay and Medical Testimony).[1] First, Target moves to exclude "[h]earsay contained in [the] medical records."[2] It appears this portion of the Motion focuses specifically on "statement[s] Bozeman provided to a medical-care provider about what caused her to fall or how she fell."[3] The Court tentatively denies this portion of the Motion. Such statements more than likely are within the scope of Rule 803(4). However, the Court will entertain a renewed motion during trial testimony if Target expressly makes one.

Second, Target moves to exclude out-of-court statements made by Ms. Bozeman to Vicki Gerard, Maya Brouillette, Gary Bozeman, and Marcus Bozeman.[4] With respect to statements made by Ms. Bozeman to Vicki Gerard and Maya Brouillette at Target immediately after the incident, the Court tentatively denies this portion of the Motion. These statements, more likely than not, fall within the scope of Rule 803(1) and (2). However, the Court will entertain a renewed motion during trial testimony if Target expressly makes one.

---

[1] Def.'s Mot. in Limine No. 2 (Doc. 61).

[2] *Id*. at 1.

[3] Def.'s Br. in Support (Doc. 62) at 2.

[4] *Id*. at 2-3.

On the other hand, to the extent Ms. Bozeman made statements to Vicki Gerard at the hospital, the Court tentatively grants that portion of Target's Motion. If the Plaintiff wants to introduce such statements, she must expressly seek authorization from the Court at trial to do so. And the Court is unlikely to allow it. As to statements Ms. Bozeman made to her sons, Gary and Marcus Bozeman, Target's Motion is tentatively granted. Again, if the Plaintiff wants to introduce such statements, she must expressly seek authorization from the Court at trial. And, again, the Court is unlikely to allow it.[5]

Third, Target moves to exclude testimony from Ms. Bozeman's treating physicians and medical experts regarding "the effect [the incident] has had on her enjoyment of life and ability to pursue daily activities."[6] Target says "[s]uch testimony . . . is unhelpful and invades the province of the jury."[7] As a general matter, the Court disagrees. Plaintiff's experts may well have specialized knowledge about this issue that would help a jury make the necessary factual determinations in this case. This portion of the Motion is denied, but without prejudice to re-raising it in specific circumstances of a particular expert's testimony at trial. The Court understands that any expert can go too far and possibly provide opinions that invade the province of the jury.

Fourth, Target moves to exclude statements from Ms. Bozeman's children (Vicki Gerard, Gary Bozeman, and Marcus Bozeman) regarding "possible medical problems she experienced or care she received due to the fall."[8] Target's point is that such testimony can only come from an expert. Obviously, lay persons may not offer expert opinion of medical diagnoses, medical care,

---

[5] In addition, the Court wishes to emphasize that the Bozeman sons may only testify to facts of which they have personal knowledge. And, at least at this point, it does not appear to the Court that they have personal knowledge (outside of hearsay statements that are not subject to any exceptions) as to how or why their mother fell.

[6] Def.'s Br. in Support (Doc. 62) at 3.

[7] *Id*.

[8] *Id*. at 4.

etc. However, the specific statements identified in Target's brief do not strike the Court as falling in that category. They are more "before" and "after" fact statements, which can come from a lay witness. The Court thus denies this portion of Target's Motion without prejudice to Target re-raising it at trial based on a specific question or specific testimony.

    DATED this 20th day of December 2022.

                                                                                             _____
                                                                                             LEE P. RUDOFSKY
                                                                                             UNITED STATES DISTRICT JUDGE